UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LESLIE DAEDA, for herself individually, and ALISHA DAEDA, minor, by and through her natural mother and guardian, LESLIE DAEDA,

    Plaintiffs,

vs.                        Case No.  2:01-cv-567-FtM-29DNF

THE LEE COUNTY SCHOOL DISTRICT and LEE COUNTY SCHOOL DISTRICT BOARD OF EDUCATION, and BRUCE HARTER, superintendent thereof, and JAMES BAKER, attorney, therefore; DEPARTMENT OF CHILDREN AND FAMILIES OF LEE COUNTY, FLORIDA, acting for and as an agency and department of and for the State of Florida, a/k/a DCF, and JOANNE LOEBER and DAN MCCLEAN, as employees, agents and/or representatives of DCF,

    Defendants.
_____

**OPINION AND ORDER**

    This matter comes before the Court on Plaintiffs' Amended Motion for Relief From Judgment Based Upon Newly Discovered Clear and Convincing Evidence of Fraud as Proven by the Affidavits of Former School Board Attorney James Baker and the Estranged Father John Monica and Plaintiffs' Motion to Permit Discovery, and Plaintiffs' Motion for Oral Argument (Doc. #143), filed on December 29, 2005.  Defendant The Lee County School District and Lee County School District Board of Education filed its Response (Doc. #144) on January 11, 2006.  Defendants Department of Children and

Families of Lee County, Florida, Joanne Loeber, and Dan McLean filed their Response (Doc. #148) on January 23, 2006.

**I.**

On June 30, 2003, the Court entered an Order (Doc. #104) granting two motions for summary judgment in favor of defendants and directing entry of judgment.  Judgment (Doc. #105) was entered the same day.  Plaintiffs filed a timely Notice of Appeal (Doc. #106), but the appeal was dismissed by the Eleventh Circuit Court of Appeals on September 10, 2003 for want of prosecution (Doc. #117).  The Eleventh Circuit denied plaintiffs' motion to reinstate the appeal, and denied reconsideration of that order.  (Doc. #123).

On June 30, 2004, plaintiffs filed Plaintiffs Motion for Relief from Judgment and Plaintiffs' Motion to Permit Discovery (Doc. #124).  On September 17, 2004, the court entered an Order (Doc. #137) denying the motion.  On December 29, 2005, plaintiffs filed the current Amended Motion.

**II.**

While captioned an "amended" motion, the Court decided the original motion in September, 2004.  Accordingly, there was nothing before the Court to be amended.

"A post-judgment motion may be treated as made pursuant to either Fed. R. Civ. P. 59 or 60 -regardless of how the motion is styled by movant - depending on the type of relief sought." Mays v. United States Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997).

See also Livernois v. Medical Disposables, Inc., 837 F.2d 1018, 1020-21 (11th Cir. 1988). Where the relief sought is setting aside the grant of summary judgment, denial of the defendants' summary judgment motion, and trial on the merits of the case, the motion is properly characterized as a Rule 59(e) motion to alter or amend the judgment, rather than a Rule 60 motion. Mays, 122 F.3d at 46. Plaintiffs' current Amended Motion is therefore considered a Rule 59(e) motion to alter or amend the judgment.

Plaintiffs' Rule 59(e) motion is due to be denied. Rule 59(e) requires the motion to be filed "no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). Here, the motion was filed approximately thirty months after entry of the judgment. Additionally, the matters asserted would not be properly considered even if the motion had been timely. A Rule 59(e) motion cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005). "[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." Mays, 122 F.3d at 46. Further, "[t]he purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed." Stone v. Wall, 135 F.3d 1438, 1442 (11th Cir. 1998).

The Eleventh Circuit has, however, also stated that when such a motion is filed more than ten days after the entry of the final district court order, it falls within the ambit of Fed. R. Civ. P. 60(b). Annunziata v. School Bd. of Miami-Dade County, Fla., 2005 WL 591205, *2 (11th Cir. 2005)(citing Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n. 5 (11th Cir. 1993)). Pursuant to Rule 60(b), a district court may revisit previous rulings in certain limited circumstances, as the Court discussed in its prior Order (Doc. #137).

To the extent plaintiffs seek reconsideration the September 17, 2004 Order denying their original Plaintiffs Motion for Relief from Judgment and Plaintiffs' Motion to Permit Discovery, the motion is untimely. The request for reconsideration comes over a year after entry of the Order denying relief.

To the extent that plaintiffs file a new, but amended, motion for relief from judgment, that motion is both untimely and without merit. The motion is filed almost two years after entry of the judgment in this case. Though plaintiffs do not specify, they seem to base their Amended Motion on Federal Rule of Civil Procedure 60(b). Plaintiff contends that relief from judgment is required because summary judgment was granted based upon misrepresentations so egregious as to amount to a fraud upon the Court. Under Rule 60(b), a court may relieve a party from final judgment based upon, *inter alia*, mistake, inadvertence, surprise, excusable neglect, newly discovered evidence or fraud, misrepresentation, or other

misconduct of an adverse party. Fed. R. Civ. P. 60(b). In <u>Tate v. Bear</u>, 132 Fed, Appx. 806 (11th Cir. 2005), the Eleventh Circuit stated:

> [u]nder Rule 60(b)(6), a party may move for relief from judgment within a reasonable time, for any other reason justifying relief from the operation of the judgment. We have indicated that relief under Rule 60(b)(6) is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances. Because the record demonstrates that Tate's motion was filed nearly two years after the district court dismissed his original complaint, we conclude that the district court did not abuse its discretion by denying the motion as untimely.

<u>Id</u>. at 807 (internal citations and quotations omitted).  The instant case is similar to <u>Tate</u> in that over two years has passed since this Court's June 30, 2003 Order (Doc. #104) granting Summary Judgment in favor of defendants, and the Court's Judgment (Doc. #105) against plaintiff.  Moreover, it has been over a year since plaintiff's original Motion for Relief from Judgment was filed on June 30, 2004.  The Court finds plaintiff has failed to file this second Motion for Relief from Judgment (Doc. #143), however construed, within a reasonable time and will deny the motion.

Even if this motion were not time barred, the Court would deny it.  "For the court to grant relief based upon newly discovered evidence under Rule 60(b)(2), Fed. R. Civ. P., a movant must meet a five-part test: (1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and

(5) the evidence must be such that a new trial would probably produce a new result." Waddell v. Hemerson, 329 F.3d 1300, 1309 (11th Cir. 2003) (citing Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000))  The evidence of due diligence must be "clear and convincing," and the movant must act with the diligence of a "prudent person". Harduvel v. General Dynamics Corp., 801 F. Supp. 597, 605 (M.D. Fla. 1992).

"To obtain relief from a final judgment based upon fraud under Rule 60(b)(3), the moving party must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct. [ ]  The moving party must also demonstrate that the conduct prevented them from fully presenting his case." Waddell, 329 F.3d at 1309 (citing Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1287 (11th Cir.), cert. denied, 531 U.S. 813 (2000)).

After careful review of the documents submitted, the Court finds that plaintiffs have not met the burdens required under Rule 60(b)(2) or (3), Fed. R. Civ. P.  Thus, the Court concludes that plaintiffs have failed to meet the Rule 60(b) standards.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Amended Motion for Relief From Judgment Based Upon Newly Discovered Clear and Convincing Evidence of Fraud as Proven by the Affidavits of Former School Board Attorney James Baker and

the Estranged Father John Monica and Plaintiffs' Motion to Permit Discovery, and Plaintiffs' Motion for Oral Argument (Doc. #143) is **DENIED**.

    **DONE AND ORDERED** at Fort Myers, Florida, this  3rd  day of February, 2006.

                                                         JOHN E. STEELE
                                                          United States District Judge