UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LESLIE DAEDA, for herself individually, and ALISHA DAEDA, minor, by and through her natural mother and guardian, LESLIE DAEDA,,

    Plaintiffs,

vs.      Case No. 2:01-cv-567-FtM-29DNF

THE LEE COUNTY SCHOOL DISTRICT and LEE COUNTY SCHOOL DISTRICT BOARD OF EDUCATION, and BRUCE HARTER, superintendent thereof, and JAMES BAKER, attorney, therefore; DEPARTMENT OF CHILDREN AND FAMILIES OF LEE COUNTY, FLORIDA, acting for and as an agency and department of and for the State of Florida, a/k/a DCF, and JOANNE LOEBER and DAN MCCLEAN, as employees, agents and/or representatives of DCF,

    Defendants.
_____

**OPINION AND ORDER**

    This matter comes before the Court on Defendants Lee County School District and Lee County School District Board of Education's Motion for Rule 11 Sanctions Against Terrence F. Lenick, Esq. And Leslie Daeda (Doc. #150) and memorandum in support (Doc. #151), filed on February 6, 2006. Plaintiff filed pro se Responses (Doc. #163, 164) on March 6 and 8, 2006; Mr. Lenick has not filed any response, and the time to do so has expired.

    Defendants seek Rule 11 Sanctions against plaintiff and her former attorney for filing an Amended Motion for Relief From

Judgment (Doc. #143) on December 29, 2005 (Doc. #150, p. 3). Defendants argue that sanctions are warranted because plaintiff's motion and supporting memorandum was not filed within one year of judgment as provided by Rule 60(b), Fed. R. Civ. P., the memorandum exceeded 20 pages in contravention to Local Rule 3.01(c), and the legal arguments made therein were not warranted by existing law and were frivolous (Doc. #150, p.4).

A district court has the discretion to award sanctions under Rule 11:

> (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose.

Anderson v. Smithfield Foods, Inc., 353 F.3d 912, 915 (11th Cir. 2003)(quoting Massengale v. Ray, 267 F.3d 1298, 1301 (11th Cir. 2001)); see Fed. R. Civ. P. 11(b). Rule 11(c) provides that a court may impose an appropriate sanction upon the attorneys or law firms that have violated this provision of Rule 11 or that are responsible for such a violation.[1]  Fed. R. Civ. P. 11(c). Rule 11 incorporates an objective standard of "reasonableness under the circumstances" and "what was reasonable to believe at the time" the

---

[1] The Court notes that defendant has satisfied the requirements of the "safe harbor" provision of Rule 11(c)(1)(A) by serving a copy of the present motion on plaintiffs 21 days prior to filing the motion with the Court and by only filing the motion after plaintiffs failed to withdraw or appropriately correct the pleading at issue.

pleading was submitted.  Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998); see also Kaplan v. Daimlerchrysler, 331 F.3d 1251, 1255 (11th Cir. 2003).  Under this standard, the Court engages in a two-step inquiry as to "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous."  Baker, 158 F.3d at 524.

Although the issue is close, the Court will exercise its discretion and not award sanctions.  While the motion at issue was not timely filed, and was ultimately denied, the Court is not prepared to find that the circumstances satisfy the legal standard for Rule 11 sanctions.  Defendants' concern that failure to impose sanctions will encourage additional frivolous motions, while not without some justification given the history of this case, can be addressed if plaintiff continues to file such motions.

Accordingly, it is now

**ORDERED**:

Defendant Lee County School District and Lee County School District Board of Education's Motion for Rule 11 Sanctions (Doc. #150) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   10th   day of August, 2006.

JOHN E. STEELE
United States District Judge

Copies:  Parties of record